PER CURIAM.
This consolidated appeal is taken from a summary final judgment and amended summary final judgment rendered in favor of appellees/plaintiffs/receivers in an action by which the receivers sought to collect rents due under two commercial leases.
As both judgments are substantially identical, we shall set forth the pertinent portions of the amended summary final judgment below.
“1. The Plaintiffs are receivers of an office building complex known as the Virginia Plaza and were appointed as receivers for the property by this Court upon the Motion of Baker Mortgage Company and other affiliated mortgagees (hereinafter referred to as ‘the mortgagees’) in a case styled Baker Mortgage Company, et al. v. D. Mitchell Investments, Inc., et al., Case No. 75-643(4), on June 6, 1975.
“2. Pursuant to this Court’s Order Appointing Receiver, dated June 6, 1975, Case No. 75-643(4), the Plaintiffs were vested with full authority to institute suits for the collection of rents.
“3. Plaintiffs entered the premises, have managed the same and have collected rents and instituted suits to collect rents.
“4. Upon entering the premises as receivers the Plaintiffs discovered that the restaurant located on the first floor of *806 one of the three buildings, and occupying a substantial portion of the leased space, was paying no rent whatsoever on the premises it occupied and has not paid Plaintiffs any rental at all times material herein. This space occupied by the restaurant is the subject of two leases for which the Defendants, THE CHANDELIER OF THE VIRGINIA PLAYHOUSE INC. (hereinafter referred to as ‘CHANDELIER’), and MIAMI SPRINGS CONSTRUCTION COMPANY, INC. (hereinafter referred to as ‘CONSTRUCTION COMPANY’) are the lessees.
“5. The reason that no rental is being paid on the premises occupied by the restaurant, and leased to the Defendants CHANDELIER and CONSTRUCTION COMPANY, is that on or about July 25, 1973, D. MITCHELL INVESTMENTS, INC. (hereinafter referred to as ‘MITCHELL’), the mortgagor, owner and developer of the property, executed a document acknowledging an indebtedness to CONSTRUCTION COMPANY in the amount of $261,926.69, and in return for a reduction of that debt in the amount of $153,388.20 MITCHELL waived payment of rentals due under the Office Building Lease executed on August 2, 1973 with CONSTRUCTION COMPANY as lessee for the full five-year term of that lease. A similar agreement (the two agreements acknowledging the debt and waiving rentals are hereinafter referred to as ‘debt reduction agreements’), between MITCHELL and CHANDELIER was executed on July 30, 1973 wherein MITCHELL acknowledged an indebtedness to CHANDELIER in the amount of $59,-281.24 which indebtedness was cancelled in full in return for a similar reduction in rent on a five-year lease executed with CHANDELIER as lessee on August 2, 1973.
“6. The terms of the lease agreement between MITCHELL and CHANDELIER call for the payment of $1,048.00 in rent plus sales tax, each and every month for the term of the lease and does not call for any payments to be made in advance, except as noted in paragraph 5, above. Likewise, the lease entered into between MITCHELL and CONSTRUCTION COMPANY calls for the payment of monthly rental in the amount of $2,583.33 plus sales tax, and does not call for the payment of any rentals in advance, except as noted in paragraph 5, above.
“7. Prior to executing the debt reduction agreements and leases and on or about July 6, 1972, the Defendant MITCHELL entered into a construction loan agreement with the mortgagees, which loan was evidenced by various notes, mortgages and other security instruments. In conjunction with the aforesaid construction loan agreement MITCHELL executed a ‘Conditional Assignment of Rentals, Leases and Income’ (hereinafter referred to as ‘Assignment’) containing various assignments of rental income, which became operative in the event of a default, and containing the following covenant:
‘The Undersigned further covenants and agrees not to collect the rents of the subject premises in advance, other than as required to be paid in advance by the terms of any rental agreement, and further agrees not to do any other act which would destroy or impair the benefits to BAKER MORTGAGE COMPANY and its Assigns under this Assignment. (Conditional Assignment of Rentals, Lease and Income, p. 3; emphasis added.)’
This instrument was recorded, along with the other instruments evidencing the mortgage, on July 6, 1972, and was part of the Public Records of Dade County, Florida, prior to the execution of the agreements and leases referred to in paragraph 5 above.
“8. Plaintiff’s counsel has taken the depositions of Douglas Pierce (of MITCHELL), Jack Fitts (of CONSTRUCTION COMPANY and CHANDELIER), and Jim O’Nan, and the Court, in considering these depositions and the affidavits filed by Plaintiffs and Defendants and the pleadings and other matters of record in this case, finds that there is no genuine *807 issue of material fact and particularly as to the factual matters more fully set forth above. Therefore, Summary Judgment is appropriate since there are no material factual matters outstanding to be determined at a trial by this Court.
ACCORDINGLY, the Court makes the following conclusions of law:
“1. The Plaintiffs, as receivers for the property, have the authority and standing to bring this action for cancellation of the debt reduction agreements which are preventing the Plaintiffs from receiving rental income from the Defendants, CONSTRUCTION COMPANY and CHANDELIER, and have the authority and standing to bring this suit to collect rentals due under the terms of the leases on which CONSTRUCTION COMPANY and CHANDELIER are lessees.
“2. The Plaintiffs, as receivers appointed at the behest of the mortgagees and with the full authority granted by this Court to collect rents on the premises due or overdue and otherwise marshall the assets for the mortgagees, have the authority and standing to invoke the covenant in the Assignment quoted in paragraph 7 above as a basis for this suit challenging the debt reduction agreements which cause the Plaintiffs to receive no rental income on the premises with which they are charged with managing.
“3. Since the covenant quoted in paragraph 7 above within the Assignments was of public record and pre-dated the debt reduction agreements, the later debt reduction agreements are subject to cancellation under the quoted provision of the Assignment because they constitute an act which destroys or impairs the benefits of the Assignment to the mortgagees, and to the receivers appointed at the behest of the mortgagees.
“THEREFORE, it is ORDERED AND ADJUDGED AS follows:
“1. The aforementioned debt reduction agreements between MITCHELL and CHANDELIER and CONSTRUCTION COMPANY, whereby rental payments for the leased premises are waived for the term of the leases, are hereby declared void and unenforceable as against the Receivers, as Plaintiffs in this suit for rent due under the leases with these Defendants.
“2. The Plaintiffs, as Receivers, are entitled to Final Judgment against CHANDELIER and CONSTRUCTION COMPANY for all rents due on the leased premises from the date the Certificate of Occupancy was issued for the premises and the lease term commenced, September 26, 1974. This date was subsequent to a default in the payment of the mortgage loan which in the case styled Baker Mortgage Company, et a 1. v. D. Mitchell Investment, et al., Case No. 75-643(4), which proceeding is the basis for the Receivership, the date of default of the mortgage on the subject premises was determined to be in May of 1974. Therefore, the Plaintiff Receivers are entitled to Final Judgment for all rentals for the months beginning September 26, 1974 and thereafter.
“3. Final Judgment is entered in favor of the Plaintiffs, EUGENE P. SPELLMAN, and DENIS DEAN, as Court appointed receivers for the Virginia Plaza Office Building, and against THE CHANDELIER OF THE VIRGINIA PLAYHOUSE, INC., in the amount of $32,697.60 as rental and sales tax for the period from September 26, 1974 through March 1977. Final Judgment is entered against MIAMI SPRINGS CONSTRUCTION COMPANY, INC. and in favor of the Plaintiff Receivers in the amount of $80,599.80 for rental and sales tax from September 26, 1974 through March, 1977.
“4. The Defendants, THE CHANDELIER OF THE VIRGINIA PLAYHOUSE, INC. and MIAMI SPRINGS CONSTRUCTION COMPANY, INC., shall have forty-five (45) days from the date of this Amended Final Judgment to pay all past due rentals, as set forth in paragraph 3 hereof, to the Plaintiff Receivers. Should these Defendants fail to pay such monies in full within the full forty-five (45) day period, then they shall *808 vacate the premises and the Plaintiff Receivers may commence execution forthwith.
“5. Plaintiffs shall recover their costs upon motion.”
Appellants basically contend that genuine issues of material fact remain to be decided with respect to (1) whether or not appellees had standing to initiate this suit and (2) whether the debt reduction agreements actually violated the “assignment of rents” and covenant not to impair or destroy the rents. We find that these purported genuine issues of material fact raised by appellants amount to no more than smoke screens and are not material to the issues correctly decided by the trial judge in this proceeding.
Accordingly, as no genuine issues of material fact remain and, as it affirmatively appears that appellees are entitled to judgment as a matter of law, the judgments appealed from are hereby affirmed.
Affirmed.